IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONROE RETAIL, INC., et al.,

                Plaintiff,             Case No. 3:06 CV 2391

-vs-

                                       MEMORANDUM OPINION

CHARTER ONE BANK NA, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiffs' motion to vacate the judgment entry dismissing the case as to Defendant Sky Bank, and for an Order reopening the case as to Sky Bank. Also before the court are Defendant's opposition and Plaintiffs' reply. This court has jurisdiction pursuant to 28 U.S.C. 1331. For the reasons that follow, the Plaintiffs' motion will be denied.

**I. Procedural Background**

On October 2, 2007, this court issued a memorandum opinion and entered judgment to dismiss the case against all defendants. Plaintiffs' appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit issued an opinion affirming this Court's decision. *Monroe Retail Inc. v. RBS Citizens, N.A.*, 589 F.3d 274 (6th Cir. 2009). Plaintiffs' then filed a Petition for Rehearing *En Banc*, which was subsequently denied. The Sixth Circuit then issued the mandate on April 15, 2010.

On June 8, 2010, Plaintiffs' filed a motion to amend and recall the mandate. After the appellate court denied the Plaintiffs' motion, the Plaintiffs filed a motion asking the District Court to vacate its decision to dismiss the case as to all Defendants except Sky Bank and reinstate the case against Sky Bank.

## II. Motion for Relief from Judgment

*A. Standard*

The premise behind rule 60(b) is grounded in balancing the "need for justice against the value of finality of judgments." *See* 12 James Wm. Moore, Moore's Federal Practice, § 60.02[2], n. 6 (3d ed. 2010). It follows that relief from judgment may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment as been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judge should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

In reviewing a motion under Rule 60(b), the court's inquiry is limited to determining whether one of the specified circumstances exists in which plaintiff is entitled to reopen the case based on the merits of its underlying claims. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). The court is vested with discretion to make a Rule 60(b) determination. *See Douglas v. Pugh*, 287 F.2d 500, 502 (6th Cir. 1961). This discretion, in the context of a Rule 60(b) determination, must be exercised reasonably and according to accepted legal principles, including those which hold the law disfavors meritless litigation and favors a determination of disputes on the merits. *See* 11 Moore's Federal Practice § 60.22[2].

Strict standards are applied when reviewing motions under Rule 60(b)(6). "Relief may be granted under Rule 60(b)(6) 'only in exceptional circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Stokes v. Williams*, 475 F.3d 732, 736 (6th Cir. 2007)

(quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Subsection (b)(6) should only be applied "as a means to achieve substantial justice when 'something more' than one of the five grounds contained in Rule 60(b)'s first five clauses is present." *Olle*, 910 F.2d at 365 (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

With this legal framework in mind, the Court now turns to the parties' contentions.

*B. Discussion*

The Plaintiffs argue exceptional circumstances exist because the mandate issued by the Clerk's Office of the Sixth Circuit should have stated "affirmed in part; vacated in part" but did not because of an error by the Clerk. Plaintiffs' motion asserts this qualifies as exceptional circumstances because in their opinion the Sixth Circuit vacated the applicability of the common law setoff doctrine and did not modify this Court's holding that the National Banking Act does not preempt Monroe Retail's claims as to State Banks, therefore implying the claims against State Banks can continue.

Exceptional circumstances do not exist because there was no error in the Sixth Circuit's mandate. The line in the appellate court's opinion on which the Plaintiffs focus states, "Although the issue of setoffs is *not necessary to our holding*, we vacate the district court's invocation of the doctrine of setoff because the doctrine is only applicable to debts." (Emphasis Added). Based on this line, Plaintiffs argued to the Sixth Circuit the mandate simply stating affirmed was an error. If there had been an error and the Sixth Circuit intended the case to continue against Sky Bank, the court had the opportunity to correct any errors by granting the Plaintiffs' petition for rehearing *en banc* or when the Plaintiffs made a motion to recall and amend the mandate. (Doc. No. 90). The Sixth Circuit denied both.

3

Exceptional circumstances do not exist solely because the Sixth Circuit has denied Plaintiffs the relief they are seeking. "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc., v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007), *citing Hopper*, 867 F.2d at 294. "For this reason, arguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b)(6) motion." *Id*., *citing Hopper*, 867 F.2d at 294. Rule 60(b)(6) was intended to facilitate justice, not to give the losing party another bite at the apple, let alone a third bite, which is what the Plaintiffs are asking of this Court. In this case, the Court finds there are no exceptional circumstances that qualify as "something more."

Assuming *arguendo* that exceptional circumstances do exist, Plaintiffs motion should be denied based on the law of the case doctrine and the mandate rule. "Under the law of the case doctrine, a district court is precluded from revisiting an issue that was expressly or impliedly decided by an appellate court." *United States v. Moored*, 38 F.3d 1419, 1421-1422 (6th Cir. 1994).

The appellate court impliedly decided the issue of whether the claim against Sky Bank, which was initially a state bank but has since been acquired by a national bank, should be dismissed. In footnote five the Sixth Circuit stated:

> The Garnishors brought claims against both national and state banks before the district court. The Huntington National Bank; JP Morgan Chase Bank, N.A.' Keybank N.A.; Keycorp; National City Bank; U.S. Bank N.A.; and Charter One are national banks, and Sky Bank was a state bank. As noted at oral argument, however, Huntington Bancshares has since acquired Sky Bank. Therefore, all of the defendants are national banks, and we need not bifurcate the analysis.

Slip Op. at 7. Additionally, even though the appellate court vacated the district court's invocation of the setoff doctrine, the Court stated "the issue of setoffs is not necessary to our holding."

The above statements of the appellate court, taken in conjunction with its denial of the Plaintiffs' motion to recall and amend the mandate, which put forth the precise argument currently

4

before this Court, indicate the appellate court decided the issue as to whether the Plaintiffs' claim against Sky Bank could continue.

"The law of the case doctrine precludes reconsideration of previously decided issues unless one of three exceptional circumstances exist: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). None of these exceptional circumstances exist in this case.

The mandate rule requires lower courts to adhere to the commands of the superior court and proceed in accordance with the mandate. *Moored*, 38 F.3d at 1421. "The trial court is required to 'implement both the letter and the spirit' of the appellate court's mandate, 'taking into account the appellate court's opinion and the circumstances it embraces.'" *Westside Mothers*, 454 F.3d at 538 (quoting *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995)). Only when "there is substantial doubt as to whether a prior appellate court actually decided the issue" can a lower court deviate from the mandate of a superior court. *Westside Mothers*, 454 F.3d at 539. Similarly, a lower court may only consider issues not expressly or impliedly decided by the appellate court. *Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564 (6th Cir. 2001).

There is not any doubt as to whether the appellate court decided if the case should be dismissed against Sky Bank. Any doubt that may have existed after the issuance of the appellate court opinion was extinguished by the Sixth Circuit's denial of the Plaintiffs' petition for rehearing *en banc* and the denial of the Plaintiffs' motion to recall and amend the mandate.

The letter and spirit of the mandate is that the Sixth Circuit, by affirming this Court's decision, held the case against Sky Bank is dismissed. It is not within the ability of a lower court

to substitute its judgment for that of a higher court. The issue was expressly and undoubtedly decided by the superior court; therefore this Court is required to follow the mandate.

### III. Conclusion

For the above stated reasons, the Court, in its discretion denies the Plaintiffs' motion to vacate. (Doc. No. 91).

IT IS SO ORDERED.

                                             s/ *David A. Katz*
                                             DAVID A. KATZ
                                             U. S. DISTRICT JUDGE